IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  
CARMEN FIGUEROA  
          Debtor

CHAPTER 13

BK. No. 18-13008 JKF

### STIPULATION IN SETTLEMENT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY

It is hereby stipulated by and between Phelan Hallinan Diamond & Jones, LLP, counsel for the Movant, **WELLS FARGO USA HOLDINGS INC.**, and GEORGETTE MILLER, Esquire, counsel for the Debtor, as follows:

1. The Automatic Stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. This Stipulation pertains to the property located at 1051 FRONT STREET, COATESVILLE, PA 19320, mortgage account ending with "6086".

3. The parties agree that the total post-petition arrearage consists of five (5) monthly payments for the months of July 2018 through November 2018 at $1,338.54 each; less Debtor's suspense in the amount of $1,324.02; resulting in the total post-petition arrearage amount of $5,368.68.

4. Within ten (10) days from the date that this stipulation is approved by the Court, Debtor agrees to amend the Chapter 13 Plan to include the aforementioned post-petition delinquency in the amount of $5,368.68, representing all arrearages, charges, fees and other post-petition amounts due through November 2018. The parties agrees that the Movant may file a Notice of Post-Petition Fees, Charges and Expenses as a supplement to file the Proof of Claim for the above-stated amount and that same shall be deemed approved upon entry of the Order approving this Stipulation.

5. The parties agree that the allowed amended secured claim of Movant for pre-petition arrearages in the amount of $20,605.83 and Post-Petition supplement in the amount of $5,368.68 will be paid, in full, through the Amended Chapter 13 Plan. The total delinquency to be paid to Movant through the Chapter 13 plan is $25,974.51.

6. Debtor agrees to remain current post-petition from this day forward. Beginning December 1, 2018, all subsequent monthly payments and late charges shall be due in accordance with the terms of the Mortgage. All payments made pursuant to this Stipulation shall be by certified check or money order payable to Wells Fargo Bank, N.A., Attention: Bankruptcy Payment Processing, MAC F2302-04C, 1 Home Campus, Des Moines, IA 50328.

7. If Debtor provides sufficient proof (front and back copies of checks or money orders) of payments made, but not already credited, the account will be adjusted accordingly.

8. Should the Debtor fail to file an Amended Chapter 13 Plan within the time period prescribed above, or if any regular monthly mortgage payment commencing December 1, 2018 is more than fifteen (15) days late, Movant may send Debtor and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

9. In the event the Debtor converts to a Chapter 7 during the pendency of this bankruptcy case, the Debtor shall cure all arrears within ten (10) days from the date of conversion in order to bring the loan contractually current. Should the Debtor fail to bring the loan contractually current, Movant shall send Debtor and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

10. Debtor's tendering of a check to **WELLS FARGO BANK, N.A.**, which is subsequently returned due to insufficient funds in the account upon which the check is drawn, shall not constitute payment as the term is used in this Stipulation.

11. The parties stipulate that Movant shall be permitted to communicate with the Debtor and Debtor's Counsel to the extent necessary to comply with applicable non-bankruptcy law.

12. The parties agree that a facsimile signature shall be considered an original signature.

Date:   November 1, 2018

_____
Jerome Blank, Esq.
Andrew L. Spivack, Esq.
Thomas Song, Esq.
Mario J. Hanyon, Esq.
Attorneys for Movant

_____
GEORGETTE MILLER, ESQUIRE
Attorney for Debtor